STATE

v.

Norberto BOLARINHO.

No. 2002–690–C.A.

Supreme Court of Rhode Island.

April 14, 2004.

Aaron Weisman, Providence, for Plaintiff.

Paula Lynch, for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY,
and SUTTELL, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Supreme Court for oral argument on March 2, 2004, on the appeal of the defendant, Norberto Bolarinho (Bolarinho or defendant), from a Superior Court judgment of conviction for assault resulting in serious bodily injury and assault by means of a dangerous weapon, both in violation of G.L.1956 § 11–5–2. For the reasons set forth herein, the judgment of the Superior Court is affirmed in part and vacated in part.

### Facts and Travel

On September 10, 2000, at about 2 a.m., defendant rode his bicycle to the home of Francis "Cookie" Martin on Vine Street in the city of East Providence, intending to purchase some cocaine. At the time, Cookie's brother, Louis Martin (Martin or complainant), was residing at the Vine Street location. While watching television, Martin heard a knock at the door. Jennifer Correia, another resident at the home, peered through the window and informed Martin that defendant was at the door. According to Martin, defendant was not a welcome guest, and he went outside and ordered defendant to leave the premises. As Martin approached defendant and told him to leave, defendant "[t]hrew a punch at me, so I threw a punch back at him." The defendant began kicking and striking Martin repeatedly with "twirl kicks" and "chops." Although Martin attempted to strike back, he was unsuccessful, and he quickly fell to the ground.

As Martin lay on the ground, defendant continued to kick him in the face and chest and on his back and arms. Martin testified that he covered his face and head with his arms but that defendant "kept on hitting me when I was on the ground, stepping on my arms [and] kicking them." His right wrist was broken as "I was trying to cover my face;" and "my right arm took the most damage." After receiving several blows, complainant managed to grab defendant and push him into some nearby bushes at which point Bolarinho left the scene. Martin, who was bleeding from the head, eyes, and mouth, had suffered a black eye, bruises, abrasions and a broken right wrist. Martin testified that he had to wear a cast on his wrist for an extended period, was still experiencing problems with his wrist, and that since the attack it had never been "one hundred percent."

On March 19, 2001, the state filed a criminal information charging defendant with two counts of felony assault in violation of § 11–5–2: count 1 charged defendant with assault and battery resulting in serious bodily injury and count 2 charged defendant with "assault[ing] Louis J. Mar-

tin with a dangerous weapon, to wit, a shod foot[.]"[1] In response to defendant's motion for a bill of particulars, the state clarified that "[a]s to count [1], [the] serious bodily injury incurred by [Martin], * * * [was] a broken right wrist" and "[a]s to [c]ount [2], the dangerous weapon used by the defendant upon the complainant was the defendant's feet." On November 12, 2001, defendant filed a motion to dismiss count 2, assault with a dangerous weapon, "on the grounds of double jeopardy as it either merges with count 1, or is a lesser included offense." Although the motion to dismiss was not heard before the trial began, the trial justice did address the issue at the close of the evidence; he denied the motion. The trial justice, sitting without a jury, found defendant guilty on both counts, and sentenced him to concurrent terms of twelve years at the Adult Correctional Institutions, five years to serve, and seven years suspended, with probation.

On appeal, defendant asserts that his conviction has resulted in multiple punishments for the same offense. According to Bolarinho, "[t]he felony assault statute provides for enhanced penalties when an assault is committed with a dangerous weapon *or* results in serious bodily injury." The defendant argues that when a serious bodily injury results from the crime of assault with a dangerous weapon, there is a merger and he cannot, consistent with the double jeopardy clause, be convicted of two crimes. The defendant also contends that the state presented insufficient evidence to prove beyond a reasonable doubt that Martin suffered a serious bodily injury, an essential element of felony assault resulting in serious bodily injury.

### Double Jeopardy

The Fifth Amendment to the United States Constitution and article 1, section 7, of the Rhode Island Constitution protects criminal defendants from being "twice put in jeopardy" for the same offense. The test that this Court has adopted for determining whether an accused stands in danger of being twice tried or punished for the same offense "is often referred to as the 'same evidence' test," *State v. Davis*, 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978), and comes to us from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Davis*, 120 R.I. at 86, 384 A.2d at 1064 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180).

Thus, if "the same evidence suffices to establish both crimes, a defendant may not be prosecuted a second time nor be twice punished." *Davis*, 120 R.I. at 86, 384 A.2d at 1064.

Citing *State v. Zangrilli*, 440 A.2d 710, 711 (R.I.1982), in which this Court unequivocally held that although not *per se* dangerous, a person's hands can be considered dangerous weapons when used in a manner likely to produce serious bodily harm, defendant contends that an assault with a dangerous weapon merges with the crime of assault resulting in serious bodily injury because "[t]here is no scenario in which there can be an assault resulting in serious bodily injury, which does not include all the elements of assault with a

---

1. The information also charged defendant with breaking and entering the apartment of Jennifer Correia, without the consent of the tenant, in violation of G.L.1956 § 11–8–2 on September 2, 2000. This count was severed before trial and remains pending.

dangerous weapon." Although defendant made the same argument at trial, the trial justice disagreed with defendant's reasoning:

"Well, let me just address the issue as to whether there is a merger and that somehow [defendant] is exposed to double jeopardy between the two charges. He is not. There is no double jeopardy involved. The *Blockburger* charges are different from one another by way of the specific elements required for the ADW charge. There's no requirement, nor is the State obligated to prove, that an actual battery took place; whereas, the other charge requires that a battery take place and that serious bodily injury flow from it. They are different from one another. And, to the extent [defendant] claim[s] that they should merge, that motion is denied."

We deem this finding to be error.

Although the trial justice was correct in applying the *Blockburger* test to defendant's double jeopardy argument, he erred in his analysis.[2] It is undisputed that the crimes charged in the criminal information arose from the same transaction, an altercation outside the complainant's home. Each count in the information alleged a violation of § 11–5–2, "Felony Assault." Section 11–5–2, formerly entitled "Assault or Battery with a Dangerous Weapon or Substance," provided that "every person who shall make an assault or battery, or both, with a dangerous weapon, or with acid or other dangerous substance, * * * shall be punished * * *." In 1981, the

statute was amended by the General Assembly.[3] The offense was renamed "Felony Assault" and provides:

"Felony Assault.—(a) Every person who shall make an assault or battery, or both, with a dangerous weapon, or with acid or other dangerous substance, or by fire, *or an assault or battery which results in serious bodily injury,* shall be punished by imprisonment for not more than twenty (20) years." (Emphasis added.)

 Although many objects, including knives and firearms, are inherently dangerous weapons, an assault with a dangerous weapon may arise "when the object used in the assault is not *per se* a dangerous weapon if it appears that the object was used in such a way that it had the capability of producing serious bodily harm." *State v. Mercier,* 415 A.2d 465, 467 (R.I.1980). (Emphasis added.) If the object is employed in such a manner that serious bodily harm could have resulted, an assault with a dangerous weapon has been committed, whether or not injury occurs. "The object's latent capability alone is not determinative; what is determinative is such capability coupled with the manner of use." *Id.* We have no hesitation in holding that a person's foot can qualify as a dangerous weapon, particularly when employed with karate-like precision.

In subsequent decisions, this Court has made clear that a dangerous weapon is defined as an object used in a manner capable of producing serious bodily injury.

2. Shortly before oral argument in this case, the state moved to confess error concerning count 1, felony assault resulting in serious bodily injury. "[T]he State—recognizing at least the possibility that one of the acts constituting the felony assault resulting in serious bodily injury could also have been an act constituting the felony assault by means of a

dangerous weapon—[came] to appreciate that the best legal and equitable disposition * * * might be to simply acquiesce to defendant's double jeopardy prayer that one of the two felony-assault convictions be set aside."

3. P.L. 1981, ch. 76, § 1.

*See State v. Gore,* 820 A.2d 978, 980 (R.I. 2003) (mem.); *State v. Froais,* 653 A.2d 735, 737 (R.I.1995) (per curiam); *State v. Jeremiah,* 546 A.2d 183, 186 (R.I.1988); *Zangrilli,* 440 A.2d at 711–12. Although it is well settled that a defendant can be convicted of assault with a dangerous weapon without evidence that the victim suffered serious bodily injury because, as the trial justice noted, a battery is not required, we are confronted with the question of whether an assault *and battery* with a dangerous weapon that results in serious bodily injury committed during a single altercation is one offense or two separate crimes. It is axiomatic that an assault with a dangerous weapon can (and often does) result in serious bodily injury. However, we are not convinced that a conviction for both assault with a dangerous weapon and assault resulting in serious bodily injury resulting from the same transaction may stand.

■ We note that the state has not alleged that the offenses charged in the information were the result of two separate and distinct acts. Indeed, by its answer to the bill of particulars, the state has conceded that both offenses arise from a single transaction, an altercation in which the complainant was repeatedly kicked by the defendant, resulting in two violations of § 11–5–2(a). There is an evidentiary overlap between the two crimes, and we are not persuaded that each crime charged "requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180. To make this determination, it is necessary to focus not only on the elements of each crime but also the evidence upon which the state's case is based. According to the bill of particulars, in assaulting Martin with a dangerous weapon

defendant employed his feet, which are capable of causing serious bodily injury and did so. The evidence adduced at trial disclosed that Bolarinho committed an assault *and battery* upon the complainant with his feet that resulted in serious bodily injury. Thus, the evidence that established defendant's guilt on assault with a dangerous weapon, his feet, is the identical evidence introduced with respect to the remaining count, an assault resulting in serious bodily injury. We deem these counts merged under a double jeopardy analysis because the evidence that supported the conviction for assault with a dangerous weapon was a necessary component of the guilty finding for assault resulting in serious bodily injury.

Accordingly, we are of the opinion that if serious bodily injury has occurred as a result of being repeatedly kicked, that offense necessarily has occurred by the use of a dangerous weapon. Thus, each crime does not contain a separate and distinct element to withstand double jeopardy scrutiny. In the context of this case, an assault resulting in serious bodily injury is by definition an assault with a dangerous weapon, and defendant's conviction on both counts may not stand. Because the state was willing to confess error and moved to vacate the conviction on count 1, assault resulting in serious bodily injury, we vacate the judgment pertaining to count 1, assault resulting in serious bodily injury.[4]

### Sufficiency of the Evidence

The defendant also asserts that the state's evidence was insufficient to establish that Martin suffered a serious bodily injury, and as such, the trial justice erred

---

**4.** The state's willingness to confess error makes it unnecessary for this Court to decide whether an assault with a dangerous weapon is a lesser included offense of an assault resulting in serious bodily injury.

in denying the defendant's motion to dismiss count 1. However, because this issue is now moot, we need not address the defendant's contentions.

## Conclusion

For the reasons stated herein, we vacate the defendant's conviction as to count 1, assault resulting in serious bodily injury, and affirm the defendant's conviction as to count 2, assault with a dangerous weapon. The record shall be remanded to the Superior Court.